UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZUMA PRESS, INC., ACTION SPORTS PHOTOGRAPHY, INC., TIYU (BEIJING) CULTURE MEDIA CO. LTD., MANNY FLORES, ANDREW DIEB, CHRISTOPHER SZAGOLA, LOUIS LOPEZ, CHARLES BAUS, DUNCAN WILLIAMS, ROBERT BACKMAN, JOHN MIDDLEBROOK, and ANTHONY BARHAM

Plaintiffs,

- against -

GETTY IMAGES (US), INC.

Defendant.

Case No. 1:17-cv-5832

JURY TRIAL DEMANDED

---

## COMPLAINT

Plaintiffs Zuma Press, Inc. ("Zuma"), Action Sports Photography, Inc. ("Action Sports"), Tiyu (Beijing) Culture Media Co. Ltd., ("OSports"), Manny Flores ("Flores"), Andrew Dieb ("Dieb"), Christopher Szagola ("Szagola"), Louis Lopez ("Lopez"), Charles Baus ("Baus"), Duncan Willams ("Williams"), Robert Backman ("Backman"), John Middlebrook ("Middlebrook"), and Anthony Barham ("Barham") (and all together "Plaintiffs") by and through their undersigned counsel, as and for their Complaint against Defendant Getty Images (US), Inc. ("Getty" or "Defendant") hereby allege as follows:

## NATURE OF THE ACTION

1.     This is an action for direct copyright infringement under Section 501 of the Copyright Act and the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act ("DMCA"). This action arises out of Defendant's unauthorized reproduction, sale, and public display and falsification, removal and/or

alteration of copyright management information of an estimated forty-seven thousand forty-eight (47,048) photographs known to date. Accordingly, Plaintiffs seek monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq.* and under the DMCA 17 U.S.C. § 1202.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.* and the DMCA 17 U.S.C. §1202 and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in New York and is registered with the New York Department of State, Division of Corporations to transact business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Zuma is one of the world's largest independent press agencies and wire services in the world.

6.      Zuma represents thousands of photographers around the globe.

7.      Zuma's photographers have received prestigious awards including the Pulitzer Prize, Pictures of the Year International awards, and World Press Photos awards.

8.      Zuma's principal place of business is 408 North El Camino Real, San Clemente, California 92672.

9.      At all times material hereto, Zuma has owned and operated a website at the URL: www.ZumaPress.com. ("Zuma Website").

10.     Action Sports is a photography firm specializing in sports photography with a principal place of business of 5528 Hammermill Drive, Harrisburg, North Carolina 28075.

11.     OSports is a Chinese sports photography agency with a principal place of business at 3rd Floor. No. 20. AOBEIKEJI YUAN, No. 1. BAOSHENG NANLU, Beijing, China.

12.     Flores is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business 3912 Johnson Street, Frisco, Texas, 75034.

13.     Dieb is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 2009 Gerald Lane, Arlington, Texas 76001.

14.     Szagola is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 16 Sylvan Court, Richboro, PA 18954.

15.     Lopez is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 11394 Azure Court, Fontana, California 92337.

16.     Baus is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 41314 MacKenzie Lane, Indio, California 92203.

17.     Williams is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 2372 Richmond Street, Scotch Plains, New Jersey, 07076.

18.     Backman is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 1910 Continental Pass, Cedar Park, Texas 78613.

19.     Middlebrook is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 9303 Hillsborough Drive, Frederick, Maryland, 21701.

20.     Barham is a professional sports photographer in the business of licensing his photographs for a fee with a principal place of business at 4013 Carybrook Road, Rocky Mount, North Carolina 27803.

21.     Upon information and belief, Getty is a domestic business corporation duly organized and existing under the laws of the State of New York, with a place of business at 75 Varick Street #500, New York, NY 10013.

22.     Upon information and belief, Getty is registered with the New York Department of State, Division of Corporations to transact business in the State of New York.

23.     At all times material hereto, Getty has owned and operated a website at the URL: www.GettyImages.com ("Getty Website").

## STATEMENT OF FACTS

**A.     Background of Photographs**

24.     Zuma is world's first digital agency, started in 1993 by and for photojournalists.

25.     Zuma has a collection of over twenty million images that it licenses to the public on behalf of thousands of photographers worldwide.

26.     Zuma's collection consists of news, sports, and entertainment related content by professional photojournalists.

27.     Zuma's collection of photographs includes sports photographs (the "Sports Photographs").

28.     The Sports Photographs are from sports photographers around the world, largely represented exclusively by Zuma.

29.     The Sports Photographs consists of approximately 200,000 images.

30.     Action Sports, OSports, Flores, Dieb, Szagola, Lopez, Baus, Williams, Backman, Middlebrook and Barham are the copyright owners of at least some of the Sports Photographs.

31.     Zuma's Sport Photographs consists of work by Zuma's sport photographers ("Sports Photographers").

32.     Zuma has exclusive relationships with its Sports Photographers, in part, due to the fact that Zuma grants press credentials and exclusive access to events that Sports Photographers require and depend on.  Typically, Sports Photographers do not work with any other agency, licensee, or entity. Most of the Sports Photographers have worked with Zuma exclusively for many years.  Therefore, Zuma is the exclusive agent for these Sports Photographers.

33.     Crucially, Zuma is an exclusive agent for the Sports Photographers as stated and defined by their exclusive agreements with Zuma. A sampling of exclusive agreements between the Sports Photographers and Zuma, are attached hereto as Exhibit B.

34.     Zuma's exclusive agreements with its Sport Photographers contain language consistent with an exclusive relationship.  These agreements grant Zuma an "exclusive right world-wide to market, distribute, licenses, sell, reproduce, broadcast, display, publish, transmit and negotiate the reproduction rights in and to images provided to Zuma."

35.    Zuma has an ownership interest in the copyrights of these Sports Photographers because it has at least three of the six exclusive rights in the copyright works enumerated in 17 U.S.C. 106.  Zuma has the exclusive rights:

(1) To reproduce the copyrighted work in copies;

(2) To distribute copies of the copyrighted work to the public by sale, or other transfer of ownership, or by licensing; and

(3) In the case of pictorial works to display the copyrighted work publically.

36.    Zuma has a significant copyright ownership interest in the copyrighted works that are the subjects of this litigation.

37.    The Zuma Website lists all the Sport Photographs with a copyright notation that reads " © the copyright owner's name" /ZUMAPRESS.com.  This copyright notation serves as copyright management information ("CMI") for the subjects of this litigation. Copies of the Sport Photographs by Sports Photographers that have an exclusive agreement with Zuma, which are the subjects of this litigation, with their copyright management information, their exclusive agreements with Zuma, and their respective copyright registration number are attached hereto as Exhibits C1-C2.

38.    It is standard knowledge in the photo agency business that when a photo is credited "© photographer's name/a photo agency's name" that the photographer owns the copyright to the photograph and the agency is a licensee of the photo. It is also standard knowledge in the photo agency business that this acts as copyright management information. Defendant's own website states "it's photographer's name/Getty Images".

39.    Action Sports has a large selection of sports photographs. Action Sports owns the copyright to its photographs.

40.     The Zuma Website lists all Action Sport photos within the Sport Photographs with copyright management information that reads © ASP/Cal Sport Media/ZUMAPRESS.com. Copies of the Action Sport photos with its copyright management information which are the subjects of this litigation are attached hereto as Exhibit D.

41.     OSports has a prominent amount of sports photographs. OSports owns the copyright to its photographs.

42.     The Zuma Website lists all OSports photos within the Sport Photographs with copyright management information that reads © CSPA/Cal Sport Media/ZUMAPRESS.com. Copies of the OSports photos with its copyright management information which are the subjects of this litigation are attached hereto as Exhibit E.

43.     Flores owns the copyright to his photographs which are subjects to this litigation.

44.     The Zuma Website lists the Flores photos within the Sport Photographs with copyright management information that reads ©Manny Flores/Cal Sport Media/ZUMAPRESS.com. Copies of the Flores photos, which are the subjects of this litigation, with his copyright management information and his respective copyright registration number are attached hereto as Exhibit F.

45.     Dieb owns the copyright to his photographs which are subjects to this litigation.

46.     The Zuma Website lists the Dieb photos within the Sport Photographs with copyright management information that reads © Andrew Dieb/Cal Sport Media/ZUMAPRESS.com. Copies of the Dieb photos, which are the subjects of this litigation, with his copyright management information and his respective copyright registration number are attached hereto as Exhibit G.

47.     Szagola owns the copyright to his photographs which are subjects to this litigation.

48.     The Zuma Website lists the Szagola photos within the Sport Photographs with copyright management information that reads © Chris Szagola/Cal Sport Media/ZUMAPRESS.com. Copies of the Szagola photos, which are the subjects of this litigation, with his copyright management information and his respective copyright registration number are attached hereto as Exhibit H.

49.     Lopez owns the copyright to his photographs which are subjects to this litigation.

50.     The Zuma Website lists the Lopez photos within the Sport Photographs with copyright management information that reads © Louis Lopez/Cal Sport Media/ZUMAPRESS.com. Copies of the Lopez photos, which are the subjects of this litigation, with his copyright management information and his respective copyright registration number are attached hereto as Exhibit I.

51.     Baus owns the copyright to his photographs which are subjects to this litigation.

52.     The Zuma Website lists the Baus photos within the Sport Photographs with copyright management information that reads © Charles Baus/Cal Sport Media/ZUMAPRESS.com. Copies of the Baus photos, which are the subjects of this litigation, with his copyright management information and his respective copyright registration number are attached hereto as Exhibit J.

53.     Williams owns the copyright to his photographs which are subjects to this litigation.

54.     The Zuma Website lists the Williams photos within the Sports Photographs with copyright management information that reads © Duncan Williams/Cal Sport

Media/ZUMAPRESS.com.  A copy of a Williams photo, which is a subject to this litigation, with his copyright management information and his respective copyright registration number is attached hereto as Exhibit K.

55.      Backman owns the copyright to his photographs which are subjects to this litigation.

56.       The Zuma Website lists the Backman photos within the Sports Photographs with copyright management information that reads © Robert Backman/Cal Sport Media/ZUMAPRESS.com. A copy of a Backman photo, which is a subject of this litigation, with his copyright management information and his respective copyright registration number is attached hereto as Exhibit L.

57.      Middlebrook owns the copyright to his photographs which are subjects to this litigation.

58.      The Zuma Website lists the Middlebrook photos within the Sports Photographs with copyright management information that reads © John Middlebrook/Cal Sport Media/ZUMAPRESS.com. A copy of a Middlebrook photo, which is a subject of this litigation, with his copyright management information and his respective copyright registration number is attached hereto as Exhibit M.

59.      Barham owns the copyright to his photographs which are subjects to this litigation.

60.      The Zuma Website lists the Barham photos within the Sports Photographs with copyright management information that reads © Anthony Barham/Cal Sport Media/ZUMAPRESS.com. A copy of a Barham photo, which is a subject of this litigation, with

his copyright management information and his respective copyright registration number is attached hereto as Exhibit N.

61.     Most of the Sports Photographs are registered with the United States Copyright Office. A list of the copyright registration numbers of the Sports Photographs are attached hereto attached as Exhibit O.

**B.     Defendant's Infringing Activities**

62.     Upon information and belief, Getty is one of the world's largest stock photo agencies.  Getty displays, makes available to license and sell, and distributes millions of images through and on its Website. Getty is a direct competitor to Zuma, Action Sports, and OSports.

63.     Upon information and belief, in or around April 2016, the Defendant improperly copied at least forty-seven thousand forty-eight (47,048) Sports Photographs (the "Photographs"), displayed them publically on the Getty Website, and made them available for licensing and sale. True and correct copies of the Photographs on the Getty Website are attached hereto as Exhibit A1-A41.

64.     On or around May 4, 2016, Zuma searched for ZUMA PRESS in the search bar of the Getty Website and found the Photographs on the Getty Website.

65.     On or around May 4, 2016 Zuma contacted Defendant and asked to removed the Photographs from the Getty Website.

66.     Two weeks after Getty was put on notice, the Photographs were still on the Getty Website and Defendant still had not informed Zuma regarding the removal of the Photographs. Thus, Zuma contacted Getty again.

67.     On or around May 19, 2016, Defendant reached out to Zuma stating the Photographs were now removed from the Getty Website.

68.    Even after Defendant's May 19, 2016 notice that the Photographs were removed, after some further investigation, including, searching for "ZUMA PRESS" in the search bar of the Getty Website, Zuma discovered that the number of images from its Sports Photographs, improperly made available on the Getty Website, was growing exponentially.

69.    To this day, Zuma does not fully know the extent of this infraction. The investigation continues but is severely limited by Defendant's exclusive possession, control and access to information pertaining to the breadth of the infringement.

70.    To this day, Zuma has discovered and knows about at least forty-seven thousand and forty-eight (47,048) photographs (the "Photographs") that are the subjects of this litigation. The Getty Images Asset Numbers for all 47,048 images are attached hereto as Exhibit P1-P5.

71.    Zuma does not know, at this time, whether the Photographs represent an exhaustive list of its images improperly exploited by Getty.

72.    Defendant did not license the Photographs from Plaintiffs to license or sell, nor did Defendant have Plaintiffs permission or consent to publish the Photographs on the Getty Website.

73.    In addition, upon information and belief, Defendant did not license the Photographs from any of the copyright owners of the Photographs to license or sell the Photographs nor did Defendant have the copyright owners permission or consent to publish the Photographs on the Getty Website.

74.    As a result of Defendant removing the Photographs from the Getty Website, the random order the Photographs are in, and Plaintiffs not having possession, access to or control of information relating to the complete list of all the Photographs involved in the infringement,

there is limited information related to how many photographs involve Zuma as the exclusive licensee and how many are owned by Plaintiffs.

75.    Zuma is able to determine that at least four Sports Photographers whose photographs are included in the 47,048 have an exclusive agreement with Zuma. Copies of these photographs, as they appear on the Getty Website are attached hereto as Exhibit Q.

76.    The four Sports Photographers have a combined total of approximately 4,429 photographs out of all the Sports Photographs.

77.    Action Sports is able to determine at least 3 of the Photographs are owned by Action Sports ("Action Sports Photographs"). Copies of the Action Sports Photographs as they appear on the Getty Website are attached hereto as Exhibit R.

78.    Action Sports have a total of approximately 13,442 photographs out of all the Sports Photographs.

79.    Osport is able to determine at least 2 of the Photographs are owned by OSports. ("OSports Photographs"). Copies of the OSports Photographs as they appear on the Getty Website are attached hereto as Exhibit S.

80.    OSports have a total of approximately 3,657 photographs out of all the Sports Photographs.

81.    Flores is able to determine at least 4 of the Photographs are owned by Flores. ("Flores Photographs"). Copies of the Flores Photographs as they appear on the Getty Website are attached hereto as Exhibit T.

82.    Flores has a total of approximately 4,708 photographs out of the all the Sports Photographs.

83.     Dieb is able to determine at least 2 of the Photographs are owned by Dieb. ("Dieb Photographs"). Copies of the Dieb Photographs as they appear on the Getty Website are attached hereto as Exhibit U.

84.     Dieb has a total of approximately 4,285 photographs out of the all the Sports Photographs.

85.     Szagola is able to determine at least 3 of the Photographs are owned by Szagola. ("Szagola Photographs"). Copies of the Szagola Photographs as they appear on the Getty Website are attached hereto as Exhibit V.

86.     Szagola has a total of approximately 16,698 photographs out of the all the Sports Photographs.

87.     Lopez is able to determine at least 2 of the Photographs are owned by Lopez ("Lopez Photographs"). Copies of the Lopez Photographs as they appear on the Getty Website are attached hereto as Exhibit W.

88.     Lopez has a total of approximately 8,721 photographs out of the all the Sports Photographs.

89.     Baus is able to determine at least 2 of the Photographs are owned by Baus ("Baus Photographs"). Copies of the Baus Photographs as they appear on the Getty Website are attached hereto as Exhibit X.

90.     Baus has a total of approximately 4,610 photographs out of the all the Sports Photographs.

91.     Williams is able to determine at least 1 of the Photographs is owned by Williams ("Williams Photograph"). A copy of the Williams Photograph as it appears on the Getty Website is attached hereto as Exhibit Y.

92.     Williams has a total of approximately 5,877 photographs out of the all the Sports Photographs.

93.     Backman is able to determine at least 1 of the Photographs are owned by Backman ("Backman Photograph"). A copy of the Backman Photograph as it appears on the Getty Website is attached hereto as Exhibit Z.

94.     Backman has a total of approximately 2,363 photographs out of the all the Sports Photographs.

95.     Middlebrook is able to determine at least 1 of the Photographs is owned by Middlebrook ("Middlebrook Photograph"). A copy of the Middlebrook Photograph as it appears on the Getty Website is attached hereto as Exhibit AA.

96.     Middlebrook has a total of approximately 4,452 photographs out of the all the Sports Photographs.

97.     Barham is able to determine at least 1 of the Photographs is owned by Barham ("Barham Photograph"). A copy of the Barham Photograph as it appears on the Getty Website is attached hereto as Exhibit BB.

98.     Barham has a total of approximately 4,587 photographs out of the all the Sports Photographs.

99.     Upon information and belief, Defendant took the Photographs, all of which had copyright management information featuring a copyright notation ©, identifying the copyright owner and Zuma as the licensee, and removed, altered, and/or falsified the copyright management information and replaced it with its own watermark that read "Getty Images". This gives the impression to the public that Getty Images is either the copyright holder or the licensee of the Photographs, which is false.

100.    It is standard in the photo agency industry that a watermark is consider copyright management information.

101.    Upon information and belief, Defendant took the Sports Photographs which listed the copyright holder's name/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images" as shown in Exhibit Q.

102.    Upon information and belief, Defendant took the Action Sports Photographs, which had copyright management information that read " © ASP/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images" as shown in Exhibit R.

103.    Upon information and belief, Defendant took the OSports Photographs which had copyright management information that read " © CSPA/Cal Sport Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images" as shown in Exhibit S.

104.    Upon information and belief, Defendant took the Flores Photographs which has copyright information that read " © Manny Flores/Cal Sport Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images" as shown in Exhibit T.

105.    Upon information and belief, Defendant took the Dieb Photographs which had copyright management information that read © Andrew Dieb/Southcreek/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images" as shown in Exhibit U.

106.    Upon information and belief, Defendant took the Szagola Photographs which had copyright management information that read © Chris Szagola/Cal Sport Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images" as shown in Exhibit V.

107.    Upon information and belief, Defendant took the Lopez Photographs which had copyright management information that read © Louis Lopez/Cal Sport

Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images" as shown in Exhibit W.

108.    Upon information and belief, Defendant took the Baus Photographs which had copyright management information that read © Charles Baus/Cal Sport Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images" as shown in Exhibit X.

109.    Upon information and belief, Defendant took the Williams Photograph which had copyright management information that read © Duncan Williams/Cal Sport Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images" as shown in Exhibit Y.

110.    Upon information and belief, Defendant took the Backman Photograph which had copyright management information that read © Robert Backman/Cal Sport Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images" as shown in Exhibit Z.

111.    Upon information and belief, Defendant took the Middlebrook Photograph which had copyright management information that read © John Middlebrook/Cal Sport Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images" as shown in Exhibit AA.

112.    Upon information and belief, Defendant took the Barham Photograph which had copyright management information that read © Anthony Barham/Cal Sport Media/ZUMAPRESS.com and replaced it with a watermark that read "Getty Images" as shown in Exhibit BB.

113.    In addition, the Defendant had two bylines on the Getty Website. A byline is a space next to the photograph which is designated to state the name the copyright owner of the Photograph and the licensee.

114.    It is standard knowledge in the photo agency business that when a photo is credited "photographer name/a photo agency's name" that the photographer owns the copyright to the photograph and the agency is a licensee of the photo. Defendant on it's own website states next to their photographs their photographer's name/Getty Images.

115.    Upon information and belief, on the Getty Website, next to the Sports Photographs, Defendant had a first byline that stated "Credit Image: ?? the copyright owner of the Photograph/ZUMAPRESS.com" and then added an false byline that stated Photo by Les Walker/Corbis via Getty Images. Furthermore, Defendant replaced the the copyright notion © with question marks as shown in Exhibit Q.

116.    Upon information and belief, on the Getty Website, next to the Action Sports Photographs, Defendant had a first byline that stated ??ASP/Cal Sport Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images as shown in Exhibit R.

117.     Upon information and belief, on the Getty Website, next to the OSports Photographs, Defendant had a first byline that stated ??CSPA/Cal Sport Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images as shown in Exhibit S.

118.    Upon information and belief, on the Getty Website, next to the Flores Photographs, Defendant had a first byline that stated ??Manny Flores/Cal Sport

Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les

Walker/Corbis via Getty Images as shown in Exhibit T.

119.    Upon information and belief, on the Getty Website, next to the Dieb Photographs,

Defendant had a first byline that stated ??Andrew Dieb/Cal Sport Media/ZUMAPRESS.com and

then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images as

shown in in Exhibit U.

120.    Upon information and belief, on the Getty Website, next to the Szagola

Photographs, Defendant had a first byline that stated ??Chris Szagola/Cal Sport

Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les

Walker/Corbis via Getty Images as shown in in Exhibit V.

121.    Upon information and belief, on the Getty Website, next to the Lopez

Photographs, Defendant had a first byline that stated ??Louis Lopez/Cal Sport

Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les

Walker/Corbis via Getty Images as shown in in Exhibit W.

122.    Upon information and belief, on the Getty Website, next to the Baus Photographs,

Defendant had a first byline that stated ??Charles Baus/Cal Sport Media/ZUMAPRESS.com and

then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images as

shown in Exhibit X.

123.    Upon information and belief, on the Getty Website, next to the Williams

Photographs, Defendant had a first byline that stated ??Duncan Williams/Cal Sport

Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les

Walker/Corbis via Getty Images as shown in Exhibit Y.

124.    Upon information and belief, on the Getty Website, next to the Backman Photographs, Defendant had a first byline that stated ??Robert Backman/Cal Sport Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images as shown in Exhibit Z.

125.    Upon information and belief, on the Getty Website, next to the Middlebrook Photographs, Defendant had a first byline that stated ??John Middlebrook/Cal Sport Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images as shown in Exhibit AA.

126.    Upon information and belief, on the Getty Website, next to the Barham Photographs, Defendant had a first byline that stated ??Anthony Barham/Cal Sport Media/ZUMAPRESS.com and then added a false second byline that stated Photo by Les Walker/Corbis via Getty Images as shown in Exhibit BB.

127.    Defendant removed the copyright management information symbol "©" and replaced it with two question marks "??" on all the first bylines.

128.    Defendant added the false byline "Les Walker Corbis News" to the public-facing search section of Getty's Website so that only the false byline is visible to the consumer. See Exhibit A1-A41.

129.    Defendant did not have Plaintiffs permission to remove, alter, or falsify any copyright management information of the Sports Photographs.

130.    Upon information and belief, Defendant did not get permission from the copyright owners of the Sports Photographs to remove, alter, or falsify any copyright information of the Sports Photographs.

131.    Although the copyright management information was removed, altered, and/or falsified on all of the Photographs, at this time Zuma can only proffer a sampling of violations. Defendant has exclusive possession, control of and access to information regarding the scope of the infraction.

### FIRST CLAIM FOR RELIEF
### *(Direct Copyright Infringement, 17 U.S.C. §§ 106, 501)*

132.    Plaintiffs incorporates by reference each and every allegation contained in Paragraphs 1-131 above.

133.    Defendant infringed Plaintiffs' exclusive rights in the Photographs by reproducing and publicly displaying the Photographs on the Website. Defendant is not, and have never been, licensed or otherwise authorized to reproduce, sell, publicly display, distribute and/or use the Photographs.

134.    Defendant did not license the Photographs from Plaintiffs to license or sell, nor did Defendant have Plaintiffs permission or consent to publish the Photographs on its Website.

135.    In addition, upon information and belief, Defendant did not license the Photographs from any of the copyright owners of the Photographs to license or sell their Photographs nor did Defendant have the copyright owners permission or consent to publish the Photographs on its Website.

136.    The acts of Defendant complained of herein constitute infringement of Plaintiff's exclusive rights in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

137.    Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiffs exclusive rights.

138.     As a direct and proximate cause of the infringement by the Defendant of Plaintiffs exclusive rights under copyright, Plaintiffs are entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

139.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiffs irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiffs have no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
*Violation of Integrity of Copyright Management Information*
*(17 U.S.C. § 1202)*

140.     Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1-139 above.

141.     When Getty improperly copied, displayed and made available for licensing the Photographs on the Getty Website, it knew or had reason to know that they were owned by the Plantiffs and/or Zuma was the licensee because of the copyright notation in their first byline.

142.     Upon information and belief, as a result of knowing the name of the copyright owner and/or knowing Zuma was a licensee of the Photographs, Defendant intentionally and knowingly provided copyright management information that was false under 17 U.S.C. § 1202 (a)(1)

143.      Upon information and belief, as a result of knowing the name of the copyright owner and/or knowing Zuma was a licensee of the Photographs, Defendant intentionally and knowingly distributed copyright management information that was false under 17 U.S.C. § 1202 (a)(2).

144.    Upon information and belief, as a result of knowing the name of the copyright owner and/or knowing Zuma was a licensee of the Photographs, Defendant intentionally removed and/or altered copyright management information under 17 U.S.C. § 1202 (b) (1).

145.    Upon information and belief, as a result of knowing the name of the copyright owner and/or knowing Zuma was a licensee of the Photographs, Defendant distributed copyright management information knowing that the copyright management information has been removed or altered without the authority of the copyright owner under 17 U.S.C. § 1202 (b) (2) and (3).

146.    Upon information and belief, Defendant's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of the Plaintiffs nor without the knowledge or consent of the copyright owner.

147.    Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendant intentionally, knowingly and/or having reasonable grounds to know that it will induce, enable, facilitate or conceal an infringement.

148.    The Defendant licensed the Photographs to third-parties for a fee and hence had the intent to induce, enable, facilitate, or conceal its infringement of Plaintiffs' exclusive rights in the Photographs.

149.    As a result of the wrongful conduct of Defendant as alleged herein, Plaintiffs are entitled to recover from Defendant the damages, that they sustained and will sustain, and any gains, profits and advantages obtained by Defendant because of its violations of 17 U.S.C. § 1202, including attorney's fees and costs.

150.    Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

151.    The Defendant had a judgment entered against it for violating 17 U.S.C. § 1202 within the last 3 years. Pursuant to 17 U.S.C. § 1203(c)(4), the Court may award up to triple the damages if the Defendant had a judgment entered against it for violating 17 U.S.C. § 1202 within the last three years.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment as follows:

1.    That Defendant be adjudged to have infringed upon Plaintiffs exclusive rights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2.    Plaintiffs be awarded Plaintiffs' actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiffs' Photographs.

3.    The Defendant be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

4.    Plaintiff be awarded either: a) Plaintiffs' actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.      Pursuant to 17 U.S.C. § 1203(c)(4), since Defendant had a judgment entered

against it for violating 17 U.S.C. § 1202 within the last three years, to award

Plaintiffs up to triple the amount that would be otherwise awarded.

6.      That Defendant be required to account for all profits, income, receipts, or other

benefits derived by Defendant as a result of its unlawful conduct;

7.      That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to

17 U.S.C. § 1203(b);

8.      That Plaintiff be awarded pre-judgment interest; and

9.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal

Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
        August 1, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
        Richard P. Liebowitz
        Yekaterina Tsyvkin
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com
KT@LiebowitzLawFirm.com

*Attorneys for all Plaintiffs*